UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYRONE McDANIELS, | ) No. CV 08-03028-DSF (VBK) |
|         Petitioner, | ) MEMORANDUM AND ORDER DENYING |
|    v. | ) RESPONDENT'S MOTION TO DISMISS |
| J. L. NORWOOD, | ) |
|         Respondent. | ) |

**<u>INTRODUCTION</u>**

On May 8, 2008, Tyrone McDaniels (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in Federal Custody," pursuant to 28 U.S.C. §2241 ("Petition"). On June 12, 2008, Respondent filed "Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241; Declaration of Harvinder S. Anand and Exhibit Thereto." On June 27, 2008, Petitioner filed "Petitioner's Motion in Opposition [to] Respondent's Motion to Dismiss Petitioner's Motion 28 U.S.C. §2241" ("Reply").

On February 10, 2009, the Court issued a Minute Order ordering Respondent to file any and all documents in the Bureau of Prisons' control reflecting Petitioner's participation in the Inmate Financial

Responsibility Program ("IFRP"). On February 24, 2009, Respondent filed a document entitled "Respondent's Submission of Bureau of Prisons Records Pursuant to the Court's Minute Order Dated February 10, 2009" ("Respondent's Response"). On February 25, 2009, Petitioner filed a document entitled "Responsive Document in Support of Petitioner's Motion Entitled 28 U.S.C. [§]2241."

Having reviewed the allegations in the Petition, Respondent's Motion to Dismiss, Petitioner's Reply, Respondent's Response and Petitioner's Response, it is hereby ordered that the Motion to Dismiss is **DENIED**.

**FACTUAL BACKGROUND**

On April 24, 2000, Petitioner was sentenced by United States District Court Judge Howard G. Munson in the United States District Court for the Northern District of New York. Petitioner pled guilty to a total of nine counts in indictments filed in four Districts. (See Criminal Docket attached to Declaration of Harvinder S. Anand dated June 12, 2008 ["Anand Dec."], Exhibit ["Ex."] A.) The Court sentenced Petitioner to 324 months (27 years) of imprisonment, five years of supervised release and ordered that Petitioner pay restitution in the amount of $111,598.04. (Id.; Petition at 2.)

The Court further ordered that restitution "shall be payable at a minimum rate [of] 10% of [Petitioner's] gross income while incarcerated and at a minimum rate $100.00 per month or 10% of [Petitioner's] gross income, whichever is greater, following release from imprisonment." (Id.)

Petitioner is a federal inmate currently incarcerated at the United States Penitentiary ("USP") in Victorville, California. (Petition at 1.)

**PETITIONER'S CONTENTIONS**

Petitioner alleges when he arrived at USP-Victorville, the Bureau of Prisons began withdrawing restitution payments of $25 per quarter from his prison bank account, pursuant to the IFRP. See 28 C.F.R. §545.10, et seq. Petitioner requests the Court to "issue a Writ of Habeas Corpus commanding Respondent to cease collecting and [sic] restitution payments because the sentencing court did not fix a restitution payment schedule for his period of imprisonment." (Petition at 2.) Petitioner "also asks the Court to command Respondent to identify Petitioner as "IFRP - Exempt," to vacate his "IFRP - Refusal Status," to vacate associated sanctions imposed upon him, and restore him to ... "the position he would have been but for the wrongful actions of the Respondent." (Id.) Petitioner contends that "the BOP has changed the rate of payment [for restitution] repeatedly from one month to the other, and without any set payment schedule which results in duress of [sic] the Petitioner." (Id. at 2-3.)

**RESPONDENT'S CONTENTIONS**

Respondent contends that the Petition should be dismissed on the following grounds: (1) it is unclear whether Petitioner is attacking the validity or legality of the sentencing court's restitution order or seeking relief because he is unhappy with the Bureau of Prisons' application of a lawful order; (2) the Court lacks jurisdiction to hear Petitioner's Petition under §2241 because he does not challenge the fact or duration of his custody; (3) Petitioner waived his right to collaterally attack the restitution order by failing to challenge it on direct appeal; and (4) Petitioner is required to file a Petition under

28 U.S.C. §2255 in the District of conviction. (Motion to Dismiss at p. 2.)

### DISCUSSION

**A.   The Within Petition Is Properly Brought Pursuant to 28 U.S.C. §2241**.

A writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. §2241. A writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Petitioner's claims are proper under 28 U.S.C. §2241 and not 28 U.S.C. §2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. §2241"). A federal prisoner may challenge the terms of a restitution order in a habeas corpus petition pursuant to section 2241. See United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008)(reaching the merits of Petitioner's claim and holding that voluntary participation in IFRP did not warrant any relief under §2241); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (per curiam) (allowing a federal prisoner to use §2241 to challenge the BOP's restitution policies); see also United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002)("[B]y its plain terms, §2255 is available only to defendants who are in custody and claiming the right to be released. It cannot by used solely to challenge a restitution order."); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.

1  2000)(stating, in dictum, that "petitions that challenge the manner, location or conditions of the sentence's execution must be brought pursuant to 2241 in the custodial court.").

Respondent's contention that Petitioner waived his right to collaterally attack the restitution order by failing to challenge it on direct appeal is without merit. As noted by Petitioner in his Petition and in his Opposition, he is not seeking to vacate judgment as to the restitution order; rather, he is requesting the Court order the BOP to cease changing the scheduled payment amount from month to month. (See Petition at 2;Opposition at 2-3.) Additionally, Respondent's contention that Petitioner is required to file a Petition under 28 U.S.C. §2255 in the District of conviction is contrary to Ninth Circuit authority which foreclosed section 2255 relief with respect to Petitioner's claim. See United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002)(prisoners may not challenge restitution orders under section 2255).

A petitioner filing a petition for writ of habeas corpus under section 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Petitioner is currently in the custody of the United States Penitentiary at Victorville, California, which is located within the Central District of California. 28 U.S.C. §2241(d). Accordingly, this Court has jurisdiction over this petition and venue is proper in the Central District.

//
//
//
//
//

**ORDER**

For all the foregoing reasons, **IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **DENIED** and Respondent is **ORDERED** to address the merits of Petitioner's Petition within 30 days of the date of this Order.

DATED: March 26, 2009         /s/
                              VICTOR B. KENTON
                              UNITED STATES MAGISTRATE JUDGE