UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 08-3028 DSF (VBK) | Date | 4/13/10 |
|---|---|---|---|
| Title | Tyrone McDaniels v. J.L. Norwood, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DECLINING to Adopt Magistrate Judge's Report and Recommendation

The Court has received and reviewed the magistrate judge's report and recommendation. The magistrate judge recommends that the Court find jurisdiction under 28 U.S.C. § 2241 and hold that Petitioner cannot be penalized for failure to participate in a Bureau of Prisons program requiring payment of restitution more regularly than is required explicitly by his criminal judgment order. The Court agrees with the magistrate judge's recommendation regarding the Court's jurisdiction, but disagrees on the merits of the petition.

Petitioner argues that the sentencing district judge did not set out a schedule for restitution payments, and, therefore, the Bureau of Prisons ("BOP") has no authority to require him to participate in its Inmate Financial Responsibility Program ("IFRP"). The IFRP is a "voluntary" program that, among other things, "encourages" prisoners to pay back restitution at a rate faster than required by their judgment orders. See United States v. Lemoine, 546 F.3d 1042, 1046, 1049 (9th Cir. 2008). Failure to participate in the IFRP subjects prisoners to numerous penalties in terms of their conditions of incarceration. See id. at 1047. The Ninth Circuit has held that the IFRP is a lawful program and not an improper delegation of the district court's power over setting the terms of restitution. See id. at 1048-49.

The difficulty in this case comes from reconciling Lemoine, which holds that the IFRP is a lawful program, with the decision in United States v. Gunning, 401 F.3d 1145

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

(9th Cir. 2005) ("Gunning II").  In Gunning II, the Ninth Circuit found that a district court must set the schedule for payment of restitution and cannot delegate that schedule to the BOP.  Id. at 1150.  As such, a judgment that provided that during imprisonment, restitution would be paid in accordance with the IFRP, was not enforceable against the defendant.  See id.  The Second Circuit, where Petitioner was sentenced, also follows this rule.  See United States v. Mortimer, 94 F.3d 89, 90-91 (2d Cir. 1996).[1]  The tension between Lemoine and Gunning II is obvious:  Gunning II holds that the district court has the sole discretion to set a restitution schedule, yet Lemoine confirms that the BOP can "suggest" a more aggressive restitution schedule and back its suggestion up with the threat of reduced privileges if that schedule is not followed.

      Here the sentencing court did not set out an explicit schedule for payment while the Petitioner is incarcerated.  The judgment states only that restitution is due as follows: "$111,598.04 payable at a minimum rate of 10% of the defendant's gross income while incarcerated . . . ."  The magistrate judge found that the lack of an explicit schedule for payment made it improper for the Petitioner to be prejudiced by a failure to participate in the IFRP.  Thus, the magistrate judge suggests that Lemoine is not applicable in situations where the sentencing court has not specified the frequency with which payments must be made.  In other words, the BOP is free to "suggest" payments that are higher than required by the sentencing court – Lemoine explicitly allows this – but not payments that are more frequent than required.

      While the Court appreciates the magistrate judge's attempt to reconcile Lemoine with Gunning II, the recommendation unduly restricts the application of Lemoine.  There are two basic ways to interpret the Petitioner's restitution judgment: either (1) restitution comes due immediately on receipt of income or (2) it is not due until Petitioner is released from custody.  In the first interpretation, it is clearly not improper for Petitioner to be pushed into participation in the IFRP because restitution is due.  Even if the second case is the proper interpretation and Petitioner is not required to pay installments under the terms of his judgment, the Lemoine court explicitly found that it was acceptable for the BOP to pressure the petitioning prisoner into paying restitution at a higher rate than required by the petitioner's judgment.  The Court can see no reason why the Lemoine holding would be any different if a prisoner were required to pay $0 per quarter, instead of $25 per quarter – either way Lemoine says that the IFRP can require more.  The magistrate judge's view of Lemoine and Gunning II would also lead to random results, as

---

[1] There is a deep circuit split on this issue, with eight circuits holding the Ninth Circuit rule and three circuits disagreeing.  See Lemoine, 546 F.3d at 1048 n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

seen in Petitioner's case, where payment of restitution while incarcerated hinges purely on how the restitution award was expressed – i.e., Petitioner does not pay restitution because the sentencing judge was vague as to the frequency of payment.

The Court declines to adopt the report and recommendation.  Even assuming that the sentencing district court failed to establish a payment schedule for Petitioner, Lemoine allows the BOP, through the IFRP, to suggest higher payments than required by the judgment.  So even if the judgment does not require any amount due, there is no reason for excluding Petitioner from participation in the IFRP where he may be required as a term of the program to pay more than $0 in restitution.

The petition is DENIED.

IT IS SO ORDERED.